UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. ___ |
| | § | |
| $25,363.65 and $21,552.49, | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem

against the sums of $25,363.65 and $21,552.49 in U.S. currency.  The United

States alleges on information and belief as follows:

### THE DEFENDANT PROPERTIES

1.     The seized funds are the proceeds of a fraud scheme in which the

victims wired money believing they were purchasing cars listed for sale on the

internet, but no cars were ever furnished.  The seized funds (hereinafter, the

"Defendant Properties") are described as follows:

(a)     $25,363.65 in United States currency seized from bank
checking account number xxxxxx2239 at Wells Fargo Bank, held in
the name of Stefana L. Stana; and

(b)     $21,552.49 in United States currency seized from bank savings
account number xxxxxx1343 at Wells Fargo Bank, held in the name
of Stefana L. Stana.

The funds were seized in the Southern District of Texas pursuant to warrant.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1345 and 1355 because this action is brought by the United States and seeks forfeiture.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 because acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property is found in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

## STATUTORY BASIS FOR FORFEITURE

4.    This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C. § 1956(c)(7)]), or a conspiracy to commit such offense." Title 18 U.S.C. § 1343 (wire fraud) is "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7). A conspiracy to commit wire fraud is a violation of 18 U.S.C. § 1349.

5.    The Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity, including wire fraud (18 U.S.C. § 1343).

2

6.     This action is also brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property."  The Defendant Properties are also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

## FACTS

7.     Stefana Loredana Stana ("STANA") and Gabriel Necsulescu Vega ("VEGA") are Romanian citizens who arrived in the United States on or about May 14, 2012, for the stated purpose of personal travel.  VEGA's visa application stated that STANA is his spouse.  STANA departed the United States on August 11, 2012, and VEGA departed on November 5, 2012, and both individuals are believed to be living in Romania.

8.     The United States of America alleges that from at least in or about May 2012 through October 2012, STANA and VEGA participated in a conspiracy and scheme to defraud by advertising vehicles for sale on the internet, having the buyers wire the purchase price through MoneyGram, picking up cash at MoneyGram, and keeping the buyers' money without providing a vehicle.  As part

3

of the conspiracy and scheme to defraud, VEGA and STANA presented various counterfeit U.S. passports as identification when retrieving the payments in cash at multiple MoneyGram locations in Texas.

9.     Some of the locations where MoneyGrams can be cashed record video or photos of the people making the redemption.  Both STANA and VEGA appear on video in the Southern District of Texas using false U.S. Passports held in names other than their own to pick up money wired by certain fraud victims trying to purchase vehicles advertised on the internet.

10.     Law enforcement officials identified approximately 441 individual MoneyGram transactions totaling approximately $965,770 from May 19, 2012, through October 26, 2012, all involving counterfeit U.S. Passports associated with STANA and VEGA.  The payment transactions were made by victims trying to purchase vehicles advertised on the internet.

11.     Records show that both of the bank accounts from which funds were seized, checking account no. xxxxxx2239 and savings account no. xxxxxx1343, were opened by STANA on June 8, 2012.  Cash deposits totaling $120,360.00 were made into these two accounts from June 2012 through October 2012.  The cash deposits are proceeds of the internet fraud.  All of the money placed into the accounts were cash deposits, with the exception of earned interest and one

4

purchase return credit of $1,457.18.

12.     On June 27, 2012, and July 30, 2012, STANA deposited cash to checking account no. xxxxxx2239 in the amounts of $13,000 and $15,000, respectively.  Those two deposits of more than $10,000 are the proceeds of wire fraud, a specified unlawful activity, and the deposits were thus transactions in violation of 18 U.S.C. § 1957.

13.     There were no known legitimate sources of income for STANA and VEGA during their stay in the United States.  There is no known employment history for STANA or VEGA in Texas.  There are no records of a business in Texas associated with STANA or VEGA, and there are no records of any Currency and Money Instrument Reports stating that STANA or VEGA declared currency in excess of $10,000 when entering the United States or that they ever caused more than $10,000 in currency to be transported into or out of the United States.

14.     STANA and VEGA were recently served in Romania with notice of administrative proceedings for forfeiture of the two seized bank accounts.  STANA filed a claim to the seized funds in the administrative forfeiture proceeding, stating only that the money was her personal funds.  The United States now seeks civil judicial forfeiture of the Defendant Properties.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

## PRAYER

WHEREFORE, the United States of America prays that judgment of forfeiture to the United States be decreed against the Defendant Properties, and that the United States have any other relief to which it may be entitled.

6

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

By:    s/Kristine E. Rollinson
        Kristine E. Rollinson
        SDTX Federal No. 16785
        Texas State Bar No. 00788314
        Assistant United States Attorney
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        Telephone (713) 567-9000

VERIFICATION

I, Andrew Ingram, Special Agent with Internal Revenue Service Criminal Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 1 and 7-14 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Andrew Ingram, Special Agent
Internal Revenue Service
Criminal Investigation

Sworn to and subscribed before me, the undersigned authority, on this 7th day of May 2013.

Notary Public, State of Texas

My commission expires:

11-17-2013

BEVERLY LYNNE CAPANO
MY COMMISSION EXPIRES
November 17, 2013

8